JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger

32 Broadway, Suite 601
New York, NY 10004
Phone 212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

January 23, 2020

**VIA ECF**

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    Maurice v. LaSante Health Center, Inc.
                 No. 19 CV 6055 (BMC)

Dear Judge Cogan:

      We represent the Plaintiff in the above-referenced matter. The parties have reached a settlement, and their executed Fair Labor Standards Act ("FLSA") settlement agreement is annexed hereto as Exhibit 1. I submit this letter to respectfully request that the Court approve the settlement as fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and so-order the parties' stipulation of dismissal of FLSA claims, which is Exhibit A to the settlement agreement.

      With respect to the FLSA, the complaint in this case alleged that Defendant failed to pay Plaintiff for all overtime hours worked when she was an hourly employee. Plaintiff also alleged various discrimination and retaliation claims. The parties have settled all claims in this case. However, as only the FLSA settlement is subject to Court approval under *Cheeks*, the parties have executed one settlement agreement for the settlement of the FLSA claims, and a separate settlement agreement for the remaining claims. *E.g.*, *Aly v. Dr. Pepper Snapple Group, Inc.*, No. 18 CV 4230, 2019 U.S. Dist. LEXIS 100256, at *1 n.2 (E.D.N.Y. June 13, 2019) ("Courts routinely approve bifurcated settlements in which the parties' FLSA claim undergoes court review for approval while their non-FLSA claims are resolved in a separate agreement."), *adopted by* 2019 U.S. Dist. LEXIS 124974 (E.D.N.Y. July 26, 2019). The parties will separately file a stipulation of dismissal of the non-FLSA claims.

      Under *Cheeks*, a court must determine whether an FLSA settlement is fair and reasonable. Relevant factors include:

> (1) the plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faces by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted). In light of the purpose of the FLSA, a court may also consider

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstances will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Id*. at 336 (internal quotation marks omitted). Under the *Wolinsky* factors, the parties' FLSA settlement is fair and reasonable and should be approved.

As set forth in the settlement agreement, the parties have agreed to settle Plaintiff's FLSA claims for $5,800. This presents a more than 100% recovery of Plaintiff's FLSA compensatory and liquidated damages. Specifically, Plaintiff was an hourly employee for 16 weeks.[1] Her regular rate was $24.04, and her overtime rate was $36.06. She estimates that she worked, on average, 5 unpaid overtime hours each week, for total unpaid overtime of $2,884.80 ($36.06 * 5 hours per week * 16 weeks). If anything, this is an overestimate of her unpaid overtime, as several of the 16 weeks included vacation days and/or holidays, which would serve to reduce or eliminate any overtime hours worked. Moreover, Plaintiff's counsel is not taking any fee on the FLSA settlement. Thus, Plaintiff will in fact receive over 100% of her FLSA damages, and the settlement amount is plainly reasonable.

The early settlement will allow all parties to avoid the anticipated burdens and expenses in establishing their claims and defenses. In addition, Plaintiff faced risks in prevailing on her claims, as she would have to establish her off the clock work primarily through testimony rather than through documentary evidence.

In addition, the settlement was reached after months of negotiation through experienced counsel. Accordingly, it is clear that the negotiations were both arm's length and free of fraud or collusion.

---

[1] The complaint alleged that Plaintiff worked as an hourly employee for over a year. However, after reviewing Plaintiff's pay records, this was found to be incorrect, and Plaintiff in fact worked as an hourly employee for 16 weeks.

2

The settlement is also fair and reasonable in light of the purposes of the FLSA. There is no evidence that there are other employees similarly situated to Plaintiff, who for several months was a manager being paid on an hourly basis and was, therefore, non-exempt. In any event, the settlement does not affect the rights of any other employees of Defendants; they are free to assert their own FLSA claims if they have any. Moreover, the FLSA settlement is not confidential and does not include a non-disparagement clause.[2] Thus, Plaintiff may, if she wishes, discuss her FLSA claims with similarly situated employees.

In light of the full FLSA recovery that this settlement provides Plaintiff, there are no policy reasons that warrant rejecting the settlement, and the settlement should be approved as fair and reasonable. For the foregoing reasons, we respectfully request that the Court approve the parties' FLSA settlement and so order the stipulation of dismissal. We thank the Court for its attention to this matter.

        Respectfully submitted,

        /s/ Denise A. Schulman
        Denise A. Schulman

cc: All Counsel (via ECF)

---

[2] The Parties' non-FLSA settlement agreement does contain a non-disparagement clause, but it contains the following carve-out: "Nothing herein shall prevent Plaintiff from making truthful statements regarding the FLSA claims or prevent any Party from divulging information to any agency of the federal, state or local government or court or from making truthful statements pursuant to subpoena, court order, or as otherwise required by law." This type of carve-out is routinely approved in FLSA settlements, as it leaves Plaintiff free to discuss her FLSA claims if she so wishes. *E.g.*, *Lao v. Chung Chou City, LLC*, No. 16 CV 9193, 2018 U.S. Dist. LEXIS 79662, at *5 (S.D.N.Y. May 10, 2018).