DocuSign Envelope ID: 1368B58C-ECB5-4854-BBE1-0E3DFDDAF9E7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHRISTIE MAURICE,

        Plaintiff,

        v.

LASANTE HEALTH CENTER, INC. and
MOSHE POSNER,

        Defendants.
-----------------------------------------------------------x

CASE NO.: 19 CV 6055 (BMC)

## FLSA SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS**, Christie Maurice ("Plaintiff") commenced an action against LaSante Health Center, Inc. and Moshe Posner (collectively, "Defendants") on or about October 28, 2019, in the United States District Court for the Eastern District of New York (the "Court"), presently bearing Case Number 19 CV 6055 (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), related regulations; 42 U.S.C. § 1981, the False Claims Act, and the New York City Human Rights Law ("NYCHRL");

**WHEREAS**, Defendants have contended that Plaintiff's allegations are unfounded and lack merit;

**WHEREAS**, Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated in good faith to reach a settlement acceptable to Plaintiff and Defendants which constitutes a reasonable compromise of Plaintiff's claims, Defendants' defenses, and the *bona fide* dispute between the parties to the Action;

**WHEREAS**, Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to settle all FLSA claims asserted in the Action on the terms and conditions set forth in this FLSA Settlement Agreement and Release ("FLSA Agreement");

**WHEREAS**, Plaintiff and Defendants shall execute a separate settlement agreement resolving the non-FLSA claims asserted in the Action on the terms and conditions set forth in the separate Settlement Agreement and Release (the "Agreement");

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this FLSA Agreement, the Parties agree as follows:

1.  **Settlement Approval and Dismissal of the FLSA Claims**

    For and in consideration of the promises outlined in Paragraph 2 and elsewhere in this FLSA Agreement, Plaintiff agrees to dismiss, or cause to be dismissed, the FLSA claims in the Action with prejudice by submitting this FLSA Agreement and the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A to the Court for approval.

2.  **Payment**

    Defendants shall pay Plaintiff the total sum of FIVE THOUSAND EIGHT HUNDRED DOLLARS AND ZERO CENTS ($5,800.00) (the "Settlement Sum"), of which $2,900 shall represent back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2, and of which $2,900 shall represent liquidated damages and be reported on an IRS Form 1099. Both settlement checks shall be made payable to Christie Maurice, and Defendants shall deliver both settlement checks to Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004, to the attention of Denise A. Schulman, no later than seven (7) days after Court approval of this settlement.

3.  **Plaintiff's Responsibility for Taxes**.

    Plaintiff assumes full responsibility for the payment of any and all federal, state and local taxes or contributions due on her share of the Settlement Sum. Plaintiff expressly acknowledges and warrants that she is, and shall be, responsible for all federal, state, and local tax liabilities which are attributable to her that may result from the payments under this FLSA Agreement, and Plaintiff hereby warrants that Defendants shall bear no responsibility for any such tax liabilities, except for the employers' payroll tax contributions (such as FICA) for which Defendants may be liable. Plaintiff further agrees to hold Defendants harmless to the full extent of any such liabilities, payments or costs, including taxes, interest, and penalties (except such liabilities, payments or costs relating to the employers' payroll tax contributions) which may be assessed against or incurred by Defendants in connection with any payment made to or on behalf of Plaintiff hereunder.

4.  **Plaintiff's Release**

    In consideration of the payment of the Settlement Sum to Plaintiff by Defendants and other valuable consideration set forth elsewhere in this FLSA Agreement, Plaintiff, individually and on behalf of anyone who has or obtains any legal rights or claims through her, once this FLSA Agreement becomes effective by its terms, hereby waives, releases and forever discharges Defendants and their officers, directors, shareholders, owners, managers, investors, employees, attorneys, representatives and agents ("Releasees") from any and all FLSA claims that were and/or could have been brought by Plaintiff in this Action ("Released Claims"), including but not limited to FLSA overtime claims and associated claims for liquidated damages, attorneys' fees, and costs.

2

5. **Sufficient Consideration**

Plaintiff acknowledges that she has received sufficient consideration as set forth in this FLSA Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein.

6. **Non-Admission**

This FLSA Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's pay, her employment and her separation thereof.

7. **Attorneys' Fees**

In the event of any litigation to enforce or regarding a breach of the terms of this FLSA Agreement in which a Party is found to have breached a term(s) of this FLSA Agreement, the non-breaching party shall be entitled to receive from the breaching party reasonable attorneys' fees and costs up through and including the appellate process.

8. **Acknowledgment**

Plaintiff acknowledges that she was represented by counsel of her choosing throughout the negotiation and the execution of the FLSA Agreement. Plaintiff further represents that she had sufficient opportunity to consider this FLSA Agreement; that she read this FLSA Agreement and/or had this FLSA Agreement explained to her fully and carefully and understands its terms; and that she is signing it knowingly and voluntarily.

9. **Oral Modifications Prohibited**

This FLSA Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the Party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

10. **Choice of Law**

This FLSA Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

11. **Venue**

The Parties hereto acknowledge that this FLSA Agreement is exclusively enforceable in the federal and state courts of New York. Plaintiff and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the Eastern District of New York, and hereby specifically authorize any action brought upon the enforcement of this FLSA

Agreement to be exclusively commenced or filed in the United States District Court for the Eastern District of New York or such New York State Court as lies within the geographic area encompassed by the United States District Court for the Eastern District of New York.

**12.**  **Stipulation of Dismissal and Settlement Approval**

Upon execution of this FLSA Agreement by all Parties, Plaintiff shall submit the FLSA Agreement together with the Stipulation of Dismissal annexed hereto as Exhibit A to the Court for approval.

**13.**  **Counterparts**

This FLSA Agreement may be executed in multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) FLSA Agreement.

**14.**  **Facsimile, Electronic, and Email Signatures**

Any Party may execute this FLSA Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature or electronic signature made and transmitted by facsimile or email for the purpose of executing this FLSA Agreement shall be deemed an original signature for purposes of this FLSA Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

**15.**  **Severability**

The invalidity or unenforceability of any provisions of this FLSA Agreement shall not affect the validity or enforceability of any other provision of this FLSA Agreement, which shall remain in full force and effect.

**16.**  **Drafting**

The determination of the terms and conditions of this FLSA Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this FLSA Agreement, and therefore the terms and conditions of this FLSA Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

14. **Stipulation of Dismissal and Settlement Approval**

Upon execution of this Agreement and the FLSA Agreement by all Parties, Plaintiff shall submit the FLSA Agreement together with the Stipulation of Dismissal annexed thereto as Exhibit A and the Stipulation of Dismissal annexed hereto a Exhibit A to the Court for approval.

15. **Counterparts**

This Agreement may be executed in multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

16. **Facsimile, Electronic, and Email Signatures**

Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature or electronic signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

17. **Severability**

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

18. **Drafting**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

_Christie Maurice_ (DocuSigned)    Date: 1/17/2020, 2020
Christie Maurice

_[signature]_    Date: 1/21, 2020
LaSante Health Center, Inc.
By:
Its:

_[signature]_    Date: 1/21, 2020
Moshe Posner

DocuSign Envelope ID: 1368B58C-ECB5-4854-BBE1-0E3DFDDAF9E7

# Exhibit A

24966255.v1
24966255.v2

DocuSign Envelope ID: 1368B58C-ECB5-4854-BBE1-0E3DFDDAF9E7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

CHRISTIE MAURICE,

      Plaintiff,

v.

LASANTE HEALTH CENTER, INC. and
MOSHE POSNER,

      Defendants.
-----------------------------------------------------------x

CASE NO.: 19 CV 6055 (BMC)

## STIPULATION AND ORDER OF DISMISSAL

IT IS HEREBY STIPULATED that the Fair Labor Standards Act claims in this action have been discontinued and are hereby dismissed with prejudice and without costs to any party against any other. This Stipulation may be filed with the Court without further notice to any party. This Court shall retain jurisdiction to enforce the parties' FLSA Settlement Agreement.

Dated: New York, New York

      Jan. 23, 2020

For the Plaintiff:
JOSEPH & KIRSCHENBAUM LLP

_____
Denise A. Schulman
32 Broadway, Suite 601
New York, NY 10004

For the Defendants:
GOLDBERG SEGALLA LLP

_____ Cali Chandiramani
Scott Green
200 Garden City Plaza, Suite 520
Garden City, NY 11536

So Ordered: _____
      Hon. Brian M. Cogan (U.S.D.J.)